**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT DALE ALEXANDER, | No.  19-35680 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02179-CL |
| v. | |
| COLETTE S. PETERS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Oregon state prisoner Robert Dale Alexander appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and failure-to-protect.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Hamby v. Hammond*,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

821 F.3d 1085, 1092 (9th Cir. 2016), and we affirm.

The district court properly granted summary judgment on Alexander's medical deliberate indifference claims because Alexander failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating his chronic back condition and nasal infection, or in delaying his pain medication on one occasion. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (a prisoner alleging deliberate indifference based on a delay in treatment must show that the delay caused significant harm); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) ("[W]here a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law.").

The district court properly granted summary judgment on Alexander's failure-to-protect claim because Alexander failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to his safety by housing him in the same unit as another prisoner who sexually

harassed him.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

The district court properly granted summary judgment on Alexander's retaliation claim because Alexander failed to raise a genuine dispute of material fact as to whether his housing transfer did not advance a legitimate correctional goal.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim in the prison context).

The district court did not abuse its discretion by denying Alexander's motions for appointment of counsel because Alexander did not demonstrate "exceptional circumstances" warranting the appointment of counsel.  *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" standard for appointment of counsel).

The district court did not abuse its discretion in its handling of discovery.  *See Preminger v. Peake*, 552 F.3d 757, 768, n.10 (9th Cir. 2008) (setting forth standard of review for district court's decisions concerning the scope of discovery).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**